**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY<br><br>and<br><br>3M COMPANY,<br><br>        Plaintiffs,<br><br>    v.<br><br>CARDINAL HEALTH 200, INC., CYPRESS MEDICAL PRODUCTS LP, CYPRESS MEDICAL PRODUCTS, LLC, and CYPRESS MEDICAL PRODUCTS, INC.,<br><br>        Defendants. | **Civil No. 05-837 MJD/SRN**<br><br>**CONSENT JUDGMENT** |

        WHEREAS, plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "3M") have charged defendants Cypress Medical Products LP, Cypress Medical Products LLC, and Cypress Medical Products, Inc. (collectively, "Cypress") with infringement of United States Patent No. 5,496,605 ("the '605 patent") by virtue of Cypress's using, importing into the United States, offering for sale and/or selling perforated linerless nonwoven surgical tape products under the brand Allegiance$^{R}$ Soft Cloth Surgical Tape ("Allegiance$^{R}$ Soft Cloth Surgical Tape") (attached as Ex. A to the Settlement Agreement between 3M and Cypress dated April 6, 2006);

WHEREAS, the Court has been advised that the Parties have consented to entry of this Judgment;

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are appropriate to settle and dispose of all disputes between 3M and Cypress in this action;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action, and personal jurisdiction over the parties. Venue is proper in this District.

2. 3M Innovative Properties Company owns the '605 patent, 3M Company is the exclusive licensee, and plaintiffs have standing to bring this action.

3. The '605 patent is valid and enforceable. Cypress hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the '605 patent. Cypress hereby irrevocably waives the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the '605 patent is invalid or unenforceable, regardless of the product at issue in such other action. Cypress hereby irrevocably waives the right to directly or indirectly aid, assist or participate in any action contesting the validity and/or enforceability of the '605 patent, except to the extent that Cypress is required to comply with an order or obligation served upon Cypress by a governmental body or judicial entity of competent jurisdiction.

4. Cypress has infringed the '605 patent by making, using, importing into the United States, offering for sale, and/or selling Allegiance<sup>R</sup> Soft Cloth Surgical Tape.

5. Cypress and its officers, agents, and employees, and those persons in active concert or participation with them who receive actual notice hereof, are hereby permanently enjoined from infringing the '605 patent. Cypress shall cease immediately any activities that directly or indirectly constitute, or induce or assist others in making, using, importing, offering for sale, and/or selling Allegiance Soft Cloth Surgical Tape or any other products only colorably different from Allegiance Soft Cloth Surgical Tape except as provided in Paragraph 6. This injunction shall not extend beyond the date of the expiration of the '605 patent.

6. By July 1, 2006, Cypress shall serve upon the undersigned counsel for Plaintiffs a written declaration, verified under penalty of perjury, confirming that Cypress has complied with all terms of this Judgment, and that Cypress has: (a) ceased all manufacture, offers for sale, and sales of Allegiance Soft Cloth Surgical Tape; and (b) destroyed or distributed its entire supply to 3M of all Allegiance Soft Cloth Surgical Tape.

7. Cypress voluntarily relinquishes its right to appeal this Judgment, or to challenge it in this Court or in any subsequent legal proceeding. 3M on its own behalf, and on the behalf of its past and present subsidiaries and parent corporations, directors, officers and employees, hereby knowingly and voluntarily releases, and forever discharges Cypress, and its past and present subsidiaries and

parent corporations, directors, officers, employees and customers, from any and all claims, demands or causes of action, arising from the '605 patent (or any continuations, continuations-in-part, divisionals, reissues, reexaminations or extensions relating thereto) prior to the effective date of this agreement.

8.  If Cypress is found by the Court to be in contempt of, or otherwise to have violated this Judgment, 3M will suffer irreparable harm.  Thus, in addition to the other remedies available to 3M for contempt or violation of this Judgment, Cypress consents to entry of a Temporary Restraining Order and a Preliminary Injunction.  In addition, 3M shall be entitled, in addition to any damages caused by Cypress's contempt or violation of this Judgment, to recover its attorneys' fees, costs and other expenses incurred in enforcing this Judgment.

9.  Other than as set forth in Paragraph 8 of this Judgment, the Parties shall each bear their own attorneys' fees, costs and expenses in this action.

10. This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment.

**IT IS SO ORDERED:**


Dated: June 20, 2006                                             s / Michael J. Davis

                                                                 United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**

By: *s/ Kevin H. Rhodes*
    Kevin H. Rhodes (No. 318115)
    Robert W. Sprague (No. 140788)
    3M INNOVATIVE PROPERTIES COMPANY
    Office of Intellectual Property Counsel
    3M Center
    P.O. Box 33427
    St. Paul, Minnesota 55133-3427
    Telephone: (651) 736-4533
    Facsimile: (651) 737-2948

*Attorneys for Plaintiffs*
*3M Company*
*3M Innovative Properties Company*

By: *s/ Jeffrey A. Pine*
    Jeffrey A. Pine
    Michael H. Baniak
    Allison M. Dudley
    BANIAK PINE & GANNON
    150 N. Wacker Drive
    Suite 1200
    Chicago, Illinois 60606
    (312) 673-0360 Telephone
    (312) 673-0361 Facsimile

*Attorneys for Defendants*
*Cypress Medical Products LP,*
*Cypress Medical Products LLC,*
*and Cypress Medical Products, Inc.*